IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY S. CARTER,

        Plaintiff,

v.                                                    CIVIL ACTION NO.   2:13-cv-08900

WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Now before the court are The West Virginia Regional Jail and Correctional Facility Authority's Motion to Dismiss [Docket 3] and Defendants' Motion to Dismiss the Amended Complaint [Docket 16]. For the reasons discussed below, The West Virginia Regional Jail and Correctional Facility Authority's Motion to Dismiss [Docket 3] is **DENIED as moot** and Defendants' Motion to Dismiss the Amended Complaint [Docket 16] is **GRANTED**.

    **I.**    **Background**

This case arises out of events that occurred while the plaintiff was in the custody of the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), one of the defendants. The plaintiff, Timothy S. Carter, states in the Amended Complaint [Docket 13] that he was attacked and beaten by fellow inmates while in two different correctional facilities. Mr. Carter alleges that as a result of these attacks, he suffered severe injuries and was not provided with adequate or timely medical care. As a result of his injuries, Mr. Carter states that his left eye had to be removed. Mr. Carter now alleges negligence, several constitutional claims, and negligent

supervision and training against WVRJCFA, Larry Parsons (the Executive Director of WVRJCFA), Stephen Tucker (the Administrator and ranking officer of South Central Regional Jail), Michael Clark (the Administrator and ranking officer of the Western Regional Jail), and unnamed employees of WVRJCFA. After WVRJCFA filed its initial Motion to Dismiss [Docket 3], I granted Mr. Carter leave to amend his complaint. (*See* Order [Docket 12]). Subsequently, all of the defendants joined in filing Defendants' Motion to Dismiss [Docket 16].

II.   **Legal Standard**

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing the sufficiency of a complaint must "take the facts in the light most favorable to the plaintiff," but "need not accept legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000)). Upon reviewing the facts contained in the complaint, the court must determine whether the stated claims "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Girratano*, 521 F.3d at 302 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal

conclusion couched as a factual allegation'"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. Analysis

The defendants argue that the Amended Complaint fails to allege sufficient facts to overcome a motion to dismiss. In order to survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557).

In the instant case, Mr. Carter does not offer facts that create a plausible claim against any of the defendants. Although Mr. Carter alleges that he was not provided with adequate or timely

medical care for his injuries and he appears to have suffered serious injuries, he does not allege any facts implicating the defendants. The complaint contains no facts indicating that the individual defendants or anyone at WVRJCFA was or should have been aware of his injuries, much less responsible for his inadequate and untimely medical care. The factual section of the Amended Complaint discusses the two times that Mr. Carter was attacked by fellow inmates, but does not mention any conduct by the defendants. It merely states that the two correctional facilities where the attacks took place were "under the control and operated by" WVRJCFA. (Amended Complaint [Docket 13], ¶¶ 12, 16). This is insufficient to make Mr. Carter's claim plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Similarly, in the various counts contained in the Amended Complaint, Mr. Carter provides only recitations of the causes of action and conclusory allegations. These conclusory allegations, too, are insufficient to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555.

It is possible that Mr. Carter has a valid claim against the defendants; however, the complaint does not allege facts implicating the defendants in his injuries. As it stands, the Amended Complaint does not describe any conduct by the defendants that gives rise to a cause of action. I therefore **FIND** that Mr. Carter's complaint does not state a claim upon which relief can be granted.

### IV. Conclusion

For the reasons discussed above, The West Virginia Regional Jail and Correctional Facility Authority's Motion to Dismiss [Docket 3] is **DENIED as moot** and Defendants' Motion to

Dismiss the Amended Complaint [Docket 16] is **GRANTED**. The court **ORDERS** that judgment be entered in favor of the defendants and that this case be dismissed and stricken from the docket of this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 12, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE