IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY S. CARTER,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:13-cv-08900

WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Now before the court is Plaintiff's Motion for Relief from the Order of this Court Granting Dismissal [Docket 26]. For the reasons set forth below, the motion is **DENIED in part** and **GRANTED in part**. The court will file an amended judgment order indicating that the dismissal in this case was without prejudice.

    **I.**    **Factual & Procedural History**

This case arose out of events that occurred while the plaintiff was in the custody of the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), one of the defendants. The plaintiff, Timothy S. Carter, stated in the Amended Complaint [Docket 13] that he was attacked and beaten by fellow inmates while in two different correctional facilities. Mr. Carter alleged that as a result of these attacks, he suffered severe injuries and was not provided with adequate or timely medical care. As a result of his injuries, Mr. Carter stated that his left eye had to be removed. Mr. Carter alleged negligence, several constitutional claims, and negligent supervision and training against WVRJCFA, Larry Parsons (the Executive Director of

WVRJCFA), Stephen Tucker (the Administrator and ranking officer of South Central Regional Jail), Michael Clark (the Administrator and ranking officer of the Western Regional Jail), and unnamed employees of WVRJCFA.

On November 12, 2013, I granted the defendants' motion to dismiss the amended complaint. (*See* Mem. Op. & Order [Docket 24]). I based this ruling on the fact that Mr. Carter did not "offer facts that create a plausible claim against any of the defendants." (*Id.* at 3). Specifically, I found that "although Mr. Carter allege[d] that he was not provided with adequate or timely medical care for his injuries and he appear[ed] to have suffered serious injuries, he [did] not allege any facts implicating the defendants." (*Id.* at 3-4). I also noted: "It is possible that Mr. Carter has a valid claim against the defendants; however, the complaint does not allege facts implicating the defendants in his injuries. As it stands, the Amended Complaint does not describe any conduct by the defendants that gives rise to a cause of action." (*Id.* at 4). Mr. Carter now moves for relief from the order of dismissal pursuant to Federal Rule of Civil Procedure 60(b).

**II. Discussion**

Federal Rule of Civil Procedure 60(b) provides that, among other things, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). It further states that the court may relieve a party from final judgment for "any other reason that justifies relief." *Id.* at 60(b)(6). The plaintiff does not specify whether he is moving for relief from final judgment pursuant to Rule 60(b)(1) or 60(b)(6); therefore, I will analyze the motion under both standards, beginning with Rule 60(b)(6).

2

Although the catch-all provision in Rule 60(b)(6) "includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). The Supreme Court has "repeatedly instructed that only truly 'extraordinary circumstances' will permit a party successfully to invoke the 'any other reason' clause of [Rule] 60(b)." *Liljeberg*, 486 U.S. at 873 (Rehnquist, C.J., dissenting). "To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments[.]" *Aikens*, 652 F.3d at 501.

The plaintiff here has not pointed to any extraordinary circumstances that entitle him to relief from judgment under Rule 60(b). The plaintiff argues that he attempted, in good faith, to fulfill the pleading requirements of Rule 8(a)(2). He also argues that the defendants were given fair notice of his claim. These facts may be true. However, they do not present an extraordinary circumstance under which the court should grant relief from final judgment.

Under Rule 60(b)(1), the court may revisit a final judgment that was arrived at due to "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). The plaintiff notes that the court stated that it is possible that the plaintiff has a valid claim against the defendants but did not indicate whether the amended complaint was dismissed without prejudice. The general rule in federal court is that "a dismissal under Rule 12(b)(6) is considered a judgment 'on the merits[,]'" and therefore is a dismissal with prejudice. *Holland v. Maryland*, No. AMD 07-3040, 2008 U.S. Dist. LEXIS 124082, at *7 (D. Md. Dec. 5, 2008); *see also Semtek Int'l Inc. v. Lockheed Martin*, 531 U.S. 497, 505 (2001); *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993). As

indicated by my statement that this case may have merit, I did not intend for dismissal to be with prejudice. It is generally recognized that a court may correct an error made because of "judicial inadvertence." *See, e.g.*, *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000). However, the proper remedy for the judicial inadvertence in this case is not leave to amend the complaint, as the plaintiff requests. Rather, it is an amended judgment order indicating that this action was dismissed without prejudice.

### III.　Conclusion

For the reasons set forth above, Plaintiff's Motion for Relief from the Order of this Court Granting Dismissal [Docket 26] is **DENIED in part** and **GRANTED in part**. The court will file an amended judgment order indicating that the dismissal in this case was without prejudice. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:　　June 4, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE